UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TUFENKIAN IMPORT/EXPORT VENTURES, INC.

                  Plaintiff,                      Docket No.: 08CIV4953

           -against-

TRUETT FINE CARPETS & RUGS AND          Hon. Shira A. Scheindlin
DAVID TRUETT,

                Defendants.

------------------------------------------------------------------------X

## DEFENDANTS MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Anthony Xanthakis, Esq.
Galvano & Xanthakis, PC
150 Broadway, Ste. 2100
New York, NY 10038
(212) 349-5150

# TABLE OF CONTENTS

I. INTRODUCTION...................................................................................1

II. SUMMARY OF THE FACTS.................................................................2

    A. Defendants have no contacts with New York...................................2

III. LEGAL ARGUMENTS.........................................................................3

    A. Jurisdiction pursuant to C.P.L.R. Sec. 301...................................4

    B. Jurisdiction pursuant to C.P.L.R. Sec 302...................................5

        1. Jurisdiction pursuant to C.P.L.R. 302(a)(1)...........................5

        2. Jurisdiction pursuant to C.P.L.R. 302(a)(3)...........................8

            i. CPLR Sec. 302(a)(3)(i).................................................10

            ii. CPLR Sec. 302(a)(3)(ii)................................................11

    C. JURISDICTION OVER DEFENDANTS WOULD NOT COMPORT
       WITH DUE PROCESS...........................................................13

    D. CONCLUSION..................................................................13

## TABLE OF AUTHORITIES

## CASES

Allen v. Auto Specialties Mfg. Co., 45 A.D.2d 331, 333, 357 N.Y.S.2d 547, 550 (3d Dep't.1974)...................................................................................................12

Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F.2d, 433 (N.Y. 1971)............................................................................................................9

Aqua Shield, Inc. v. Inter Pool Cover Team, No. 05 Civ. 4880(CBA), 2007 WL 4326793 (E.D.N.Y. 2007).................................................................................9

Asahi Metal Indus. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)....................................................................12

Bensusan Restaurant Corp. v. King, 937 F.Supp. 295, 299 (S.D.N.Y. 1996) aff'd 126 F.3d 25 (2nd Cir. 1997)..................................................................................3

Burger King v. Ruzewicz, 471 U.S. 462, 475 (1985)............................................13

Business Trends v. Freedonia Group, Inc., 650 F.Supp 1452, 1456 (S.D.N.Y. 1987).......8

Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd., 978 F.Supp. 520, 523(S.D.N.Y.1997)............................................................................................12

Darienzo v. Wise Shoe Stores, Inc., 74 A.D.2d 342, 346, 427 N.Y.S.2d 831, 834 (2d Dep't.1980).................................................................................................12

Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y. 2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980)....................................................................................9

Gross v. Bare Escentuals, Inc., No.03 Civ 3089 (RLC), 2005 WL 823889, at *3 (S.D.N.Y. 2005).............................................................................................4

Hofritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)....................3

Interface Biomedical Laboratories Corp. v Axiom Medical, Inc., 600 F.Supp 731 (E.D.N.Y. 1985)...........................................................................................7,9

Ivoclar Vivadent, Inc. v. Ultident, Inc., 2005 WL 1421805 *5 (W.D.N.Y.2005).........12

Krepps v. Reiner, No. 05 Civ. 0107, 2005 WL 1793540 (S.D.N.Y. July 27, 2005)........6

Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir.1999)....................11,12,13

LaMarca v. Pak-Mor Manufacturing Company, 95 N.Y.2d 210, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000)...................................................................................11

Lawrence Wisser & Co., Inc. v. Slender You, Inc., 695 F.Supp 1560, 1563 (S.D.N.Y. 1988)..............................................................................................................6

Mantello v. Hall, 947 F.Supp 92, 102 (S.D.N.Y. 1996)........................3,5,6,7

Martinez v. American Standard, 91 A.D.2d 652, 653, 457 N.Y.S.2d 97, 99 (2d Dep't 1982).......................................................................................................................12

McGowan v. Smith, 52 N.Y.2d 268, 274-275, 437 N.Y.S.2d 643, 646, 419 N.E.2d 321, 324 (1981)...........................................................................................9

Pieczenik and I.C. Technologies America, Inc. v. Dyax Corporation, 265 F3d 1329 (US Ct. App. Fed Cir. 2001)......................................................................................6

Schenker v. Assicurazioni Generali S.P.A., Consol., No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *3 (S.D.N.Y. July 15, 2002).....................................................4

Security Nat'l Bank v. Ubex Corp.,404 F.Supp 471, 475 (S.D.N.Y. 1975)..................9

Tri-Coastal Design Group v. Merestone Merch., Inc., 2006 WL 1167864 *4 (S.D.N.Y.2006)...........................................................................................................11

Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir. 1956)...................9

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2nd Cir. 2000).......................4

Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559 (1980).........13

## OTHER AUTHORITIES

Weinstein, Korn & Miller, New York Civil Practice, Sec. 301.16 (2005)....................4

## I.    Introduction

Defendants, Truett Fine Carpets & Rugs and David Truett by their attorney, and without making an appearance or waiving their right to submit an Answer to the Complaint herein, hereby move this Court to dismiss Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(b)(2) since this Court lacks personal jurisdiction over the non-resident Defendants who are residents of the State of Texas.

Plaintiff, Tufenkian Import/Export Ventures Inc., a New York Domestic Corporation based in New York City has improperly brought this matter into this Court. The sole jurisdictional act alleged by Plaintiff in the Complaint is a meeting or meetings the defendant, Truett Fine Carpets & Rugs (by its President David Truett), had with Plaintiff in the State of New York.  Plaintiffs claimed to have furnished the Defendants with certain point-of-sale materials at this/these meetings.  The rest of the activity between the parties consisted of Defendant, Truett Fine Carpets & Rugs, buying rugs from Plaintiff, from Texas, and selling them to persons and businesses in the State of Texas. No allegation is made of any sales of Plaintiff's rugs to anyone in the State of New York by Defendants.

In fact, the Complaint states that the rugs sold to Defendants were shipped out of New York to Defendants Dallas, Texas showroom.  Payment for these rugs was sent from Dallas to New York. In fact, the alleged infringing act by Defendant is stated in Plaintiff's complaint to be the sale of three rugs by Defendant to the Hilton Dallas Lincoln Center Hotel in Dallas, Texas.

The Complaint alleges that this Court has jurisdiction over the Defendants because the Defendants "have engaged in infringing activities that injure plaintiff in this

District, and are otherwise subject to personal jurisdiction in this district, having engaged in purposeful business activities in this District that are a substantial part of the events giving rise to this claim." (See Paragraph 9 of Complaint). These allegations are false and disproved by the Affidavit of David Truett. The allegations are also non-specific and unable to sustain a claim of personal jurisdiction.

## II.    SUMMARY OF THE FACTS

Plaintiff, Tufenkian, began selling rugs to Defendant, Truett Fine Carpets and Rugs in 2001. This occurred when the President of Truett Fine Carpets and Rugs, David Truett was at a trade show in New York and met the plaintiff. A meeting was held at Plaintiff's office in New York City to discuss Defendant selling Tufenkian Rugs out of its Dallas showroom. From that time forward until receipt by Defendant of a letter from Tufenkian in April, 2006 advising that its relationship with Defendant was being unilaterally terminated, the Plaintiff sold rugs to Defendant in Texas. The letter stated the reason for the termination was the limited sales volume defendant was generating in the Dallas market and the desire of Plaintiff to have its own Dallas Showroom (Plaintiff approached Defendant a number of times to partner with Plaintiff in establishing a Dallas Showroom). There was never any contract between the parties. Plaintiff was selling rugs from New York, Defendant was buying them and reselling them in Texas.

## A.    DEFENDANTS HAVE NO CONTACTS WITH NEW YORK

Both Defendants are residents of the State of Texas. As demonstrated in the Affidavit of David Truett, neither Defendant has an office, bank account, telephone

number or any other presence in the State of New York. Defendants do not target New

York customers, do no advertising in the State of New York, maintain no storage

facilities or warehouses in New York and they sell none of their rugs in the State of New

York. From 2001 until 2006 Defendants were selling Tufenkian made rugs to customers

in Texas. To the extent Defendants were ever at Tufenkian's offices in New York City, it

was to discuss selling rugs in Texas.

## III.    LEGAL ARGUMENTS

Plaintiff bears the burden of proof on a motion to dismiss pursuant to Fed R. Civ.

P. 12(b)(2) that the Defendants are subject to personal jurisdiction in New York. Hofritz

for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). The plaintiff on a Rule

12(b)(2) motion must make a *prima facie* showing of jurisdiction over the defendants. In

order to do this, the court may receive and weigh evidence outside the pleadings.

Bensusan Restaurant Corp. v. King, 937 F.Supp. 295, 299 (S.D.N.Y. 1996) *aff'd* 126

F.3d 25 (2nd Cir. 1997). Where the Defendants' affidavits and evidentiary submissions

affirmatively disprove plaintiff's allegations set forth in the pleadings, plaintiff must

come forth with evidence in order to defeat the motion. Mantello v. Hall, 947 F.Supp 92,

102 (S.D.N.Y. 1996).

Plaintiff's Complaint is unspecific with respect to what element of New York's

Long Arm Statute (New York CPLR Sec. 302) or "Doing Business" Statute (New York

CPLR Sec. 301) applies.

## A. JURSDICTION PURSUANT TO C.P.L.R. SEC. 301.

Plaintiffs complaint establishes none of the criteria for a finding by this Court that the defendants were "doing business" in the State of New York at the commencement of this action. The Complaint in this action contains one cause of action for Copyright Infringement. No other causes of action exist in the complaint. By the Complaint the Infringing act took place in Texas by the sale of rugs by Defendant to a Hotel in Dallas Texas. To obtain jurisdiction under CPLR 301, defendant must be doing business at the time the action is brought. Gross v. Bare Escentuals, Inc., No.03 Civ 3089 (RLC), 2005 WL 823889, at *3 (S.D.N.Y. 2005). The Complaint makes no such allegation and Defendants' Affidavit refutes any speculation to the contrary.

Furthermore, a plaintiff employing CPLR Sec 301 to establish jurisdiction over a defendant "must show that a defendant engaged in continuous, permanent, and substantial activity in New York. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2nd Cir. 2000). 'Presence' implies substance, continuity, regularity and permanence at the time the action is brought. Weinstein, Korn & Miller, New York Civil Practice, Sec. 301.16 (2005). Even were this court to accept the allegation of Plaintiff's complaint as true, as it ordinarily should on a motion such as this, the Plaintiff's complaint is devoid of any allegation rising to the level of a finding that Defendants were "doing business" in New York on May 29, 2008, the day this action was commenced. Furthermore, Defendants have rebutted even a remote inference of "doing business" with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction. Such a rebuttal is not only permitted but if not countered by evidence submitted by Plaintiff results in any such allegation or in this case even remote inference being deemed refuted. Schenker v.

4

Assicurazioni Genereali S.P.A., Consol., No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *3 (S.D.N.Y. July 15, 2002).

## B.    JURISDICTION PURSUANT TO CPLR 302

Again, Plaintiff's complaint is unspecific as to which method of specific jurisdiction pursuant to CPLR 302 it claims gives this court jurisdiction. However, of the four available methods contained in CPLR 302, two are immediately unavailable to the plaintiff. Those are subparagraphs 2 and 4. "To satisfy CPLR 302(a)(2), in cases involving copyright infringement and violations of the Lanham Act, the offering, display or sale of the allegedly infringing product must occur in New York. Mantello, 947 F.Supp. 2d at 101. The complaint alleges and the Defendants admit that the rugs at issue were sold and installed at the Hilton Dallas Lincoln Center Hotel in Dallas, Texas. There is and can be no commission of a tortious act within the state [New York] by plaintiff's own allegations.

CPLR 302(a)(4) encompasses a defendant who owns uses or possesses real property within the state. No such allegations exist in the complaint and Defendants' affidavit precludes any such finding.

## 1.    JURSDICTION PURSUANT TO CPLR 302(a)(1)

To establish personal jurisdiction pursuant to N.Y.C.P.L.R. Sec. 302(a)(1), Plaintiff must show (1) that Defendants transacted business within New York and (2) that the claim arises from that transaction. "For the purpose of determining whether a given foreign corporation defendant transacted business in New York, 'what counts is not the quantity of contacts with New York, but rather the nature and quality of the contacts.'"

Krepps v. Reiner, No. 05 Civ. 0107, 2005 WL 1793540 (S.D.N.Y. July 27, 2005), *citing,*

Lawrence Wisser & Co., Inc. v. Slender You, Inc., 695 F.Supp 1560, 1563 (S.D.N.Y.

1988). The paucity of visits of Defendant to the New York offices of Plaintiff for the sole

purpose of enhancing its business in Texas does not amount to transacting business in

New York.

In determining whether a defendant "transacts business" in New York, courts

examine whether defendant has (1) an ongoing contractual relationship in the state; (2)

whether the contract was negotiated or executed in New York; (3) whether a choice of

law provision in those contracts favors New York, and (4) whether payments or notices

are required to be sent into New York under the terms of the contract. Mantello, 947

F.Supp 2d at 99. If these factors are found, the court must then examine whether the

claims in the Complaint arise from the "transacted business" Id.

Plaintiff, Tufenkian, and Defendants were not operating under any contract. None

has been alleged in the complaint and none can be produced. Therefore, the first element

for "transacting business" does not exist. Instead what exists here is a supplier of rugs,

Plaintiff, selling to Defendant in Texas for resale in Texas. As there is no contract there

can be no criteria for examination with respect to elements 2, 3 and 4 as described in

Mantello.

What Plaintiff is trying to do is have any person or company who ever purchased

goods from a New York domiciliary to be subject to New York's jurisdiction. All

Defendants did is buy goods from a New York supplier. They derived no benefit from or

protection of New York laws, a finding of which must be made by examining the factors

described in Mantello. Pieczenik and I.C. Technologies America, Inc. v. Dyax

Corporation, 265 F3d 1329 (US Ct. App. Fed Cir. 2001).

Were this court to stretch the facts to the point of finding some sort of contract between the parties, what does not exist is a claim arising out of that "contract". A fundamental requirement for CPLR 302(a)(1) jurisdiction is that Plaintiff's claim arise out of the transaction of business it claims grants jurisdiction. Mantello, 947 F.Supp at 99. In this case such a finding cannot exist and would not make sense given the nature of plaintiff's cause of action, copyright infringement. By its very nature, an alleged unlawful copying of Plaintiff's rug cannot be the business which it conducted with Defendants.

An attempt to "piggyback" an intellectual property claim on a breach of contract claim was made in Interface Biomedical Laboratories Corp. v Axiom Medical, Inc., 600 F.Supp 731 (E.D.N.Y. 1985). In that case Plaintiff, a New York Corporation brought suit against a California corporation alleging four separate causes of action. The first was for a declaratory judgment concerning the validity of a joint venture agreement, the other three concerned trade secret violations, unjust enrichment and unfair competition. Plaintiff alleged that defendant's allegedly continuing or threatened use of plaintiff's trademarks, patents and trade secrets formed the basis of its claims of trade secret violations, unjust enrichment and unfair competition. The court found that plaintiff did not have a basis for jurisdiction over the three "tort" causes of action as these did not arise out of the parties business dealings. Id. at 737. The court held, "[w]here, as here, the New York meetings did not cause or further the alleged misappropriation of intellectual property rights "except to the extent that it was a link in the chain of events leading to the claim for which relief is sought', the misappropriation claim and related

7

unfair competition claim cannot be said to arise from transactions of business in New York. Accordingly, the courts have held that jurisdiction will not lie under Sec 302(a)(1) where contract negotiations were held in New York, but the alleged misappropriation of intellectual property occurred after either the contract negotiations broke down or the contract was breached. Id. (internal citations omitted).

While there may have been a basis for jurisdiction over the defendants in this case if there were a dispute as to the terms of their agreement, or defendant's failure to pay for a rug supplied by plaintiff, there can be no jurisdiction based on plaintiff's only cause of action, copyright infringement. There was no transaction of business in New York out of which resulted an alleged copyright infringement in Texas. The only alleged copyright infringement was the sale of three rugs in Texas.

## 2.    JURISDICTION PURSUANT TO CPLR SEC. 302(A)(3)

CPLR Sec. 302(a)(3) allows jurisdiction over a non-domiciliary defendant who commits tortious acts out of state that causes injury within New York. To establish jurisdiction pursuant to CPLR 302(a)(3), a plaintiff must set forth a prima facie case alleging that in addition to causing injury in the state, the defendant either (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. Id.

Copyright infringement and trademark infringement are commercial torts deemed to occur at the point of consumer purchase. Business Trends v. Freedonia Group, Inc., 650 F.Supp 1452, 1456 (S.D.N.Y. 1987). In a trademark, unfair competition, or

copyright context, a tort occurs where the "passing off" takes place. Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir. 1956). The rugs in question in the case were never sold to anyone in New York. They were never even offered for sale in New York. Instead, as alleged in the complaint and as admitted by defendants, the rugs were offered for sale, sold and installed in Texas. Plaintiff's allegations themselves disprove jurisdiction pursuant to CPLR Sec. 302(a)(3).

Plaintiff has not made a *prima facie* showing of injury in New York. New York does not become the situs of injury merely because the plaintiff is a domiciliary or resident of New York. McGowan v. Smith, 52 N.Y.2d 268, 274-275, 437 N.Y.S.2d 643, 646, 419 N.E.2d 321, 324 (1981). The overall diminution of a company's net worth is not enough to support jurisdiction. Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y. 2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). "In commercial tort actions, the courts have uniformly held that the mere fact that the plaintiff resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction under Sec 302(a)(3)." Interface Biomedical Laboratories Corp., at 738. Rather, there must be "discernible local impact"-something beyond loss of profit to a company. Am. Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F.2d, 433 (N.Y. 1971).

The burden is on the plaintiff to allege the facts that would show its New York injury. Security Nat'l Bank v. Ubex Corp.,404 F.Supp 471, 475 (S.D.N.Y. 1975). "'The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a basis for jurisdiction under Sec. 302(a)(3) where the underlying events took place outside New York.'" Aqua Shield, Inc. v. Inter Pool Cover

Team, No. 05 Civ. 4880(CBA), 2007WL4326793 (E.D.N.Y. 2007).

Plaintiff's complaint at paragraph 9, alleges in conclusory fashion that plaintiff has been injured in the district. Hardly the type of allegation necessary to show discernible local impact. As is clear from the Affidavit of David Truett, Tufenkian did not even permit Truett Carpets to quote prices outside of its regional area. By the very terms under which the parties were operating it would be impossible for Tufenkian to lose New York sales and suffer any local impact as Truett was forbidden to and there is no evidence it ever sold Tufenkian Rugs in New York.

### i.    CPLR Sec. 302(a)(3)(i)

There are four methods pursuant to CPLR Sec. 302(a)(3)(i) to attempt to gain jurisdiction over defendants in the State of New York. Those methods are if the defendants are:

(1) regularly doing business in New York, or
(2) regularly soliciting business in New York, or
(3) any other persistent course of conduct in New York, or
(4) deriving substantial revenue from goods used or consumed or services rendered in New York.

Plaintiff has not alleged that defendants are regularly doing business in New York. The plaintiff alleges in paragraph 9 of its complaint that defendants engaged in purposeful business activities in the state. Not the standard under Sec. 302(a)(3)(i) and more likely directed at an attempt by plaintiff to gain jurisdiction pursuant to Sec. 302(a)(1), although not specifically stated. What should not be lost in this analysis is that plaintiff has alleged a cause of action against an individual, David Truett. No allegation is made that David Truett was regularly doing business or soliciting business in New York, in any capacity, or individually.

### ii.    CPLR Sec. 302(a)(3)(ii)

In order to assert personal jurisdiction under CPLR Sec. 302(a)(3)(ii) a plaintiff

must make a prima facie showing that:

> (1) defendant committed a tortious act outside of New York,
> (2) plaintiff suffered harm in New York,
> (3) defendant should have reasonably expected its actions to have consequences
>     in New York, and
> (4) defendant derives substantial revenue from interstate commerce.

The New York Court of Appeals in LaMarca v. Pak-Mor Manufacturing

Company, 95 N.Y.2d 210, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000) identified five

elements for jurisdiction to confer under this provision. "First, that defendant committed

a tortious act outside the State; second, that the cause of action arises from that act; third,

that the act caused injury to a person or property within the State; fourth, that defendant

expected or should reasonably have expected the act to have consequences in the State;

and fifth, that defendant derived substantial revenue from interstate or international

commerce." Id. at 214.

Plaintiff has alleged a tortious act outside of New York.  While disputed by

defendants, copyright infringement in Texas would constitute a tortious act outside of

New York.  Also, plaintiff's cause of action of alleged copyright infringement would

arise out of the sale of the rugs in Texas, if proven.  However, these two are the only

element of the five plaintiff is able to establish.  Injury in New York has not been

established by plaintiff.  (See argument Section 2 above).

The test for determining whether a defendant "expects or should reasonably

expect" his actions to have consequences in New York is objective, rather than

subjective. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir.1999); *Tri-Coastal*

*Design Group v. Merestone Merch., Inc.,* 2006 WL 1167864 *4 (S.D.N.Y.2006); *e.g.,*
Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd., 978 F.Supp. 520, 523
(S.D.N.Y.1997); Allen v. Auto Specialties Mfg. Co., 45 A.D.2d 331, 333, 357 N.Y.S.2d
547, 550 (3d Dep't.1974). The "reasonable expectation" requirement under the New York
long arm statute is interpreted in a manner consistent with Supreme Court precedent
interpreting the requirements of the Due Process Clause of the United States Constitution.
*Kernan,* 175 F.3d at 241; *see* Ivoclar Vivadent, Inc. v. Ultident, Inc., 2005 WL 1421805
*5 (W.D.N.Y.2005) ("reasonable expectation foreseeability requirement intended to
avoid conflict with due process limits on exercise of jurisdiction").

A "mere likelihood or foreseeability that a defendant's product will find its way
into New York" will support neither a finding of jurisdiction under New York law nor the
Federal Constitution. Kernan, 175 F.3d at 241; *see also* Asahi Metal Indus. v. Superior
Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
Instead, the defendant must purposefully avail itself of the protections and benefits of
New York law. *See, e.g.,* Martinez v. American Standard, 91 A.D.2d 652, 653, 457
N.Y.S.2d 97, 99 (2d Dep't 1982). In the case of a manufacturer, the "purposeful
availment" standard is met by a "discernible effort to serve, directly or indirectly, a
market in the forum state." Darienzo v. Wise Shoe Stores, Inc., 74 A.D.2d 342, 346, 427
N.Y.S.2d 831, 834 (2d Dep't.1980). Evidence that a defendant manufacturer knew or
reasonably should have known the ultimate destination of its product is essential to a
finding of jurisdiction under Section 302(a)(3) (ii). Martinez, 91 A.D.2d at 653, 457
N.Y.S.2d at 99.

It must be kept in mind that this case involves plaintiff, Tufenkian, attempting to

gain access to the Dallas/Ft. Worth markets. Truett Carpet was not soliciting New York customers or targeting sales there in any way. Also, unlike in Kernan, defendants rugs never "found their way" into New York.

Plaintiff has not even alleged that defendants derived substantial revenue from interstate or international commerce, an element necessary to a finding of jurisdiction under CPLR 302(a)(3)(ii).

## C.    JURISDICTION OVER DEFENDANTS WOULD NOT COMPORT WITH DUE PROCESS

The Due Process Clause provides that a court may exercise jurisdiction over only those defendants that have "minimum contacts" with the forum state. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559 (1980). Plaintiff must demonstrate that Defendants "purposefully availed [themselves] of the forum and should reasonably have foreseen having been haled into court here." Burger King v. Ruzewicz, 471 U.S. 462, 475 (1985). Defendants did not target New York or even market that forum in order to sell products there. Certainly it is unfair to expect defendant who sold no goods in New York to assume that by buying from New York he was subject to their jurisdiction. Further, if we look at the cause of action in this matter, it is even more unfair to expect that defendant should anticipate being haled into court in New York for selling rugs to a Texas hotel.

## D.    CONCLUSION

For all the reasons set forth above, Defendants, Truett Fine Carpets & Rugs and David Truett respectfully request that this court grant the relief sought in the Notice of Motion, dismissing plaintiff's complaint as this Court has no personal jurisdiction over

the defendants.

Dated: New York, NY
      July 21, 2008

                                        Anthony Xanthakis, Esq. (2254)
                                        Galvano & Xanthakis, P.C.
                                        150 Broadway, Ste, 2100
                                        New York, NY 10038
                                        Attorneys for the Defendants

14